UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAMIRO JIMENEZ, JESUS JIMENEZ and all others similarly situated under 29 U.S.C. § 216(b), Plaintiffs, | § § § § § | |
| v. | § § | Cause No. |
| ROCKWOOD DEVELOPMENT, L.L.C. a/k/a TEXAS DIRT CONTRACTORS, PERRY MARKER, and ALAN MARKER Defendants. | § § § § § § | |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiffs, RAMIRO JIMENEZ and JESUS JIMENEZ, on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, file this Complaint against Defendants ROCKWOOD DEVELOPMENT, L.L.C. a/k/a TEXAS DIRT CONTRACTORS, PERRY MARKER, and ALAN MARKER and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dallas County, Texas at the time that this dispute arose.

3. The Defendant ROCKWOOD DEVELOPMENT, L.L.C. a/k/a TEXAS DIRT CONTRACTORS is a company that regularly transacts business within the Northern District of Texas. Upon information and belief, ROCKWOOD DEVELOPMENT, L.L.C. a/k/a TEXAS DIRT CONTRACTORS (the "Defendant Company") was the FLSA employer for each Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant PERRY MARKER is a corporate officer and/or owner and/or

manager of ROCKWOOD DEVELOPMENT, L.L.C. a/k/a TEXAS DIRT CONTRACTORS who ran the day-to-day operations of ROCKWOOD DEVELOPMENT, L.L.C. a/k/a TEXAS DIRT CONTRACTORS for the relevant time period and was responsible for paying each Plaintiff's wages for the relevant time period and controlled each Plaintiff's work and schedule and was therefore also each Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. The individual Defendant ALAN MARKER is a corporate officer and/or owner and/or manager of ROCKWOOD DEVELOPMENT, L.L.C. a/k/a TEXAS DIRT CONTRACTORS who ran the day-to-day operations of ROCKWOOD DEVELOPMENT, L.L.C. a/k/a TEXAS DIRT CONTRACTORS for the relevant time period and was responsible for paying each Plaintiff's wages for the relevant time period and controlled each Plaintiff's work and schedule and was therefore also each Plaintiff's employer as defined by 29 U.S.C. § 203(d).

6. Venue is proper in the Northern District of Texas because the Defendant Company regularly transacts business within the Northern District of Texas and acts or omissions giving rise to this dispute took place in the Northern District of Texas.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiffs who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant

to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207(a)(1) states, in pertinent part, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff, RAMIRO JIMENEZ, worked for Defendants as a laborer, landscaper, and construction employee from on or about May 2004 through on or about November 13, 2017.

11. Plaintiff, JESUS JIMENEZ, worked for Defendants as a laborer, landscaper, and construction employee from on or about March 2017 through on or about November 13, 2017, and also during the summer of 2015.

12. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of

commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, and 2016.

14. Upon information and belief, the Defendant Company's sales or business done is expected to exceed $500,000 for the year 2017.

15. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act.

16. From on or about May 2004 through on or about November 13, 2017, Plaintiff, RAMIRO JIMENEZ, was paid an average straight time rate of $15.88 per hour and worked an average of 58 hours per week, but was only paid for five hours of overtime work per week instead of being paid at the applicable time-and-a-half overtime rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act.  Plaintiff RAMIRO JIMENEZ therefore claims the unpaid time-and-a-half or half-time overtime rate, whichever is applicable, for each overtime hour worked above 40 in a workweek for which he was not paid as required by the Fair Labor Standards Act.

17. From on or about March 2017 through on or about November 13, 2017, and during the summer of 2015, Plaintiff, JESUS JIMENEZ, was paid an average straight time rate of $12.18 per hour and worked an average of 58 hours per week, but was only paid for five hours of overtime work per week instead of being paid at the applicable time-and-a-half

overtime rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff JESUS JIMENEZ therefore claims the unpaid time-and-a-half or half-time overtime rate, whichever is applicable, for each overtime hour worked above 40 in a workweek for which he was not paid as required by the Fair Labor Standards Act.

18. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages from the commencement of Plaintiffs' employment for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully submitted,

By: s/ Robert Manteuffel
    J.H. Zidell, Esq.
    Texas Bar No.: 24071840
    Email: zabogado@aol.com
    Robert L. Manteuffel
    State Bar No. 12957529
    Email: rlmanteuffel@sbcglobal.net
    Joshua A. Petersen
    Texas Bar No. 24085524
    Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:  (972) 386-7610

**COUNSEL FOR PLAINTIFF**